# Camblin v. Philadelphia, Wilmington & Baltimore Railroad Company, Appellant.

*Negligence—Railroads—Siding—Operation of cars—Contract.*

A railroad company cannot relieve itself from liability for negligence in the operation of its road by a contract for the movement of its cars; and this is applicable not only to the main line, but also to a siding partly owned by the railroad company, and partly on private property.

Argued March 28, 1907. · Appeal, No. 397, Jan. T., 1906, by defendant, from judgment of C. P. No. 5, Phila. Co., March Term, 1903, No. 2,667, on verdict for plaintiff in case of Robert Camblin v. Philadelphia, Wilmington & Baltimore Railroad Company. Before MITCHELL, C. J., FELL, MÉSTREZAT, POTTER and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,275.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Sharswood Brinton*, with him *John Hampton Barnes*, for appellant, cited : Edmundson v. Ry. Co., 111 Pa. 316 ; Chartiers Valley Gas Co. v. Waters, 123 Pa. 220 ; Thomas v. Ry. Co., 191 Pa. 361.

*Henry J. Scott*, for appellee, cited : P. W. & B. Railroad Co. v. Hahn, 22 W. N. C. 32.

OPINION BY MR. JUSTICE FELL, April 29, 1907 :

The plaintiff, while at work in a blacksmith shop which adjoined a coal yard, was injured by a car which broke through the side wall and entered the shop.    The car was loaded with coal and was being moved from the defendant's track on

Washington avenue to a coal yard which abutted on the avenue by mules that were under the charge of an employee of C. H. Lafferty, who had contracted with the defendant to furnish teams and to move all cars on its tracks on the avenue, loaded or empty, and to and from all private sidings.    He was directed to move the car by the defendant's dispatcher and he testified that he was unable to stop it because of a defect in the brake.

The instruction to the jury was that the defendant was responsible if the accident was caused either by a defective brake or by the negligence of the contractor's employee who drove the mules.    It is to the latter part of this instruction that exception is taken.    That a railroad company cannot relieve itself from liability for negligence in the operation of its road by a contract for the movement of its cars was decided in P. W. & B. Railroad Co. v. Hahn, 22 W. N. C. 32, in which it was said : " It contracted for the operation of a part of its road by horse-power, and under this contract asks to be relieved from all responsibility for the negligent acts of its contractor.    We cannot agree with a proposition of this kind, for the principle, if established, might be the means of relieving the company from all its charter duties so far, at least, as concerns public safety.    The mere question of the power by which its cars are to be moved is of no consequence.    If it can contract for horse-power, so may it for steam, and it follows that it might relieve itself of all responsibility by contracts with its engineers and conductors for the running of its locomotives and trains."

In that case the cars at the time of the accident were being moved by the contractor on the defendant's tracks on the avenue; in this case a car was being moved on a siding which extended from the tracks on the avenue to a coal yard and was partly on private property.    It is argued that the difference in the facts makes the decision in Railroad Co. v. Hahn inapplicable because the contractor was not performing any part of the public duty of the defendant in putting the car on a private siding.    This position cannot be sustained.    The defendant undertook to deliver the coal to the consignee by moving its car on a siding which connected his yard with its tracks.    This siding was its property and a part of its system

of tracks, to the edge of the street at least, and was maintained for the mutual advantage of itself and the owner of the yard. In moving cars on the siding it was exercising its charter power in the operation of its road and this could not be delegated so as to relieve it of responsibility.

The judgment is affirmed.